call our next case United States of America versus Robert Brace number 20-1892 Mr. Wolford good morning may it please the court my name is Matthew Wolford I represent Robert Brace and two affiliated companies I refer to them in the briefs as the Brace defendant so it's shorthand I would like to reserve five minutes for rebuttal granted thank you um I don't know where you want to start there's two issues that we're dealing with on the appeal one of which was raised by the court and that is the scope of appellate jurisdiction as I outlined in the brief the government doesn't disagree with me that that the summary judgment order itself falls within the court's pen and appellate jurisdiction the way that I characterized it in the brief is it meets both tasks post swint and it's necessary for meaningful review and it's also inextricably intertwined the question then gets into how many other orders we've raised some additional orders that we believe are also subject to review at this time and and that's where the parties part ways on the Daubert order even assuming that we had pendent jurisdiction over that why would we exercise it when I don't perceive that you've made any argument as to why the district court erred on its Daubert order yes sir well there were some space limitations that I ran into having to deal with an extra argument that I wasn't planning to argue so I did not argue specifically why the sanctions order for example should be overturned why or vacated why the Daubert order should be I would say about the Daubert order your honors there's actually two motions that were stricken by that I don't even know that they qualify as Daubert they were they were stricken as being untimely Daubert motions because of the rule that the court had about Daubert motions I looked at they're basically motions in limine one deals with an expert so arguably that's a Daubert motion but what was objected to was not something that falls in with one of the four or five factors that you think of in a Daubert motion what it deals with is whether or not this expert should rely on his non-expert opinion in interpreting aerial photographs council are you waiving both Daubert and sanctions since obviously they weren't mentioned I don't understand that what do you mean by they weren't mentioned your honor well I'm so sorry I thought that in response to judge Hardiman's question about not pointing out what the error was you said because of time constraints you didn't mention error as it relates to Daubert in your brief and you also said that as the sanctions did I not hear you correctly well I didn't I didn't expand upon it I did mention in a footnote exactly what I'm saying now your honor and no I'm not waiting but we do have precedent that says that just saying something in a footnote is not sufficient to preserve it but it's preserved your honor the issue is whether or not it is actually a Daubert motion and all you have to do is look at it the second order or a second motion that was stricken by the district court was the exclusion of photographic evidence that's not a Daubert motion and so that was the I'm not even sure that was the underlying same photographic evidence that was part of the first motion so I think it's pretty self-evident when you actually look at the motions that were stricken that they weren't really Daubert motions well you still have to develop the argument it's not enough to just mention it in passing we've got a lot of case law that says that but I appreciate that you had space and I don't want to suggest that you know you didn't put your best foot forward I thought your brief was very well presented but uh gee whiz your predecessor counsel did not cover himself in glory and and we're really sort of stuck here with this what appeared to me to be sort of an abomination in the district court I mean uh the district court judge gave your predecessor a lot of leeway did she not well I reviewed the docket I would say that Mr. Kogan was bumbling I would say that he was incompetent I would say that he didn't follow the rules but this particular district court is very stringent about particularly following rules and I there were there was extension after extension there were admonitions to follow the rules and then you get 9 000 pages including several hundred pages that are just duplicated I don't think it takes a stickler to object to a volume that's you know larger than war and peace I absolutely agree your honor I looked at the those documents and I this this is why when it came to the history of dilatoriness I had no basis to challenge it I mean Mr. Kogan just I don't even not understand why he's together he doesn't want to present evidence all right your strategy in your brief has been to blame him and there's plenty of blame there but you have never disavowed your client's awareness of what was going on and I don't know that you could could you I mean your client maintained a website following all of this litigation so you're not claiming your client was was blissfully ignorant of of all that was going on that was protracting this and and filing it all are you do you have any basis in the record to make that assertion no your honor I don't have a basis in the record to make the assertion nor does the district court have a basis in the record for making the assertion that that Mr. Brace knew what was going on with regard as an officer of the court as an officer of the court that's right do you have any basis for representing to me that Mr. Brace did not know no I have none I also have no basis for offering to the court that he did know I've never asked Mr. Brace what he knew or didn't know because it was it was not relevant to what I was doing was just to figure out whether or not the district court satisfied the first element or the first factor of polis the court didn't know either and one of the problems that I found with this case is that the court would admonish in various contexts Mr. Kogan for trying to relate the two cases the 1990 case and the 2017 case together and every time they would they would argue for example well the government's not prejudiced because they've had this exhibit already in the other case she would admonish Mr. Kogan for well you're not allowed to talk about the 1990 case but then in other contexts the court has no problem bringing up the 1990 case and in fact using the 1990 cases why Mr. Brace should know something about Mr. Kogan's misbehavior Mr. Kogan wasn't hired until 2017 the lawyer that represented Brace in the 1990 action was a guy in 2003 so why a 30-year problem with the government should be used to say well you must know what your new lawyer is doing in terms of his incompetence it just doesn't make any sense to me council can i i'm sorry judge greeny please go ahead yeah um council let's let's just uh you you'd agree with the proposition that there's well let me ask you this is there any basis to disturb the orders entered absent a review of the poolis determinations of the district court i'm not sure i understand the question or that it's an abuse of discretion standard that the abuse of discretion is guided by polis so why would you not apply polis very good so so then uh there you you've made a um a good argument on personal responsibility uh tell me about the the other five factors which seem to um certainly uh work in the favor of the government on this well i would disagree with that characterization your honor there was um some prejudice but it the nature of prejudice if you look at the case law talks about um prejudice it's more than just merely strategic that um it has to rise to the level of um you know like like if you look at a lot of the um cases where prejudice was relied on heavily it's the eve of trial disclosures you know somebody files a pre-hearing memo and for the first time an expert report is thrown in there and no one has an opportunity to respond to that that's not what was going on here what was going on well well that's that's a persuasive way of saying in other cases there was more prejudice than there was here but i'm not sure it's a persuasive way of saying there wasn't any prejudice to the government here why wasn't the government prejudiced by having to file motion after motion and deal with the obstreperous conduct of your predecessor yeah i didn't say there was no prejudice your honor i said it didn't rise to the level of the kinds of prejudice that you see in scarborough where they laid out five or six different elements right well that's that's true but but but then are you saying that there was some prejudice to the government and that factor tilts in favor of the government but only slightly i would say i don't even know if it tilts in favor of them only because what i noticed is the government had like five or six lawyers on this case and every time mr cogan made a misstep like you know hours after he filed he filed one of the briefs literally hours after the deadline and they responded with a motion to strike well that's just a way of saying that the government was forced to chase everything down to drag it out because of council's behavior um you could characterize it as being forced or you could characterize it as taking an opportunity all i would like to focus on something and i don't know whether this might be an argument that pulis doesn't apply at all or whether it goes to pulis's fifth factor but you know the fifth factor is about whether a sanction of less than you know and entry default judgment would suffice and here they didn't actually enter default judgment this was striking a brief and then considering the summary judgment on the merit so the government still had to satisfy its burden of proof isn't the holding of anchorage associates that an unopposed summary judgment motion is not tantamount to default judgment well you know i found it interesting that the district court raised anchorage and then immediately went to a pulis analysis and i think the reason is because the court recognized that anchorage associates doesn't really apply the issue with anchorage all right so this case is kind of in between a classic pulis case of flat out entry default judgment and an anchorage case um if we're thinking about whether we should extend pulis modestly to to apply to this situation should we or or shouldn't we i mean what what would we do with factor five about lesser sanctions here because the district court did take a somewhat lesser sanction than just flat out entering default judgment still held the government to its burden of proof i think we're mixing apples and oranges a little bit your honor what what anchorage associates applies to is whether or not a party truly fails to respond i mean there were two things that it dealt with number one is can a local rule be used to automatically enter judgment and number two is what happens when a party totally fails to respond and the reason that you can't apply pulis in that context is that you have no basis to evaluate the factors you don't know why for example the party didn't respond and that's that was one of the things that the court talked about in anchorage and so here we know exactly why the summary judgment was entered it followed everything being stricken all defenses all any response and so that's the sanction that triggers pulis when you when you're talking about the fifth pulis factor about which sanction to apply i advocated hard you know very strenuously in the brief that i think this case was very well suited for financial sanctions early on and i don't know why the district court didn't go in that direction frankly it almost looked like the court preferred to strike things instead of actually dealing with mr cogan's misconduct head-on and i think it had the court sort of it may have had the effect of correcting his bad behavior i'm not sure because frankly as i read all everything i'm not sure mr cogan's capable of representing someone adequately but the other thing that it would have done is arguably put the brace defendants on notice which gets to pulis factor one is if now they have to pay a financial sanction well why would i have to pay this now we know that they are aware of mr cogan's conduct and so i think it would have had that effect as well so um let's let's assume we agree with you i think you made some good arguments there about how a monetary sanction on the lawyer might have gotten this case back on track um but if factor five and factor one go your way aren't you still on the short end when we look at factors two three four and six well as i said in the brief i'm not going to argue the history of deleteriousness because i mean it was obvious but i did i i think that this i mean on will maybe we should look at willfulness on factor four because i think you've also made a good argument that the record is that we should be somewhat agnostic about mr brace's personal knowledge it's if i if i had to guess i i think he might might have known but the record doesn't really tell us that so i think we ought to be cautious on on that um but isn't it the case that factor four asks whether the conduct by the party or the party's attorney was willful or factor four still uh is sort of a slam dunk against him because of the fact that it could be the party's attorney uh is it incompetence is it dereliction of duty or is it bad faith i mean if you look at the case law that it requires something more like intentional self-serving conduct and what the court did with this one um is in a footnote assumed that the brace defendants were directing mr cogan because they wanted to continue farming the property which is i thought when i read that that was frankly outrageous so one of the things that i did in my brief and that the um court did not do um and that the government didn't really do is weigh all the factors actually you know once you have all the factors you know you look at each one in isolation then you weigh them and if you look at page 48 of the brief i pointed out how similar this case is to the case number one the court trivialized the first polis factor in a footnote and had no evidence whatsoever to reach the conclusion and as i just described the court also then invoked the 30-year litigation even though the court would admonish mr cogan every time he did that um the second polis factor um there were a lot of instances of frustration um but the the kind of material prejudice that i think it could have been correctable it wasn't incurable and i know that that's not the can we go back for a minute i because i i'm not sure what your rejoinder is on the fourth factor isn't isn't it is not repeatedly disregarding district court orders the definition of bad faith well if it were then we wouldn't have to figure out if there was bad faith you just look at the record and be done with it but i i think there is no i mean we look in order to determine whether the the lawyer was acting in bad faith we look to the record we look to the evidence and what i'm suggesting here is the evidence in this case is that he repeatedly disregarded uh district court orders repeatedly violated district court orders and i'm asking is that not bad faith i think it has to be willful and i don't know that it was um all right so it just was it was just inadvertent time and time and time again i mean that that seems i wouldn't i wouldn't go that far either i don't think it was inadvertent i think he's totally incompetent frankly i think he should be disbarred but uh the question is whether or not his incompetence should be visited on the brace defendants he did provide it he said look i'm a solo practitioner i'm very busy but you know those sorts of things which have been relied upon in other courts um as as a lack of the level of intentional willfulness needed to demonstrate um for the polish but he was like he wasn't he wasn't a solo practitioner he'd had co-counsel coming in and signing pleadings etc he's just throwing up a cloud of excuses here all right he misrepresented his own practice status to the court that sounds like willful or bad faith to me but i find it interesting that you know we can point to those examples of where he's willing to deceive people but we think at the same time that he's following the rules of professional conduct when it comes to informing mr brace of his misdeeds at the end of the day we're punishing a party for something that mr cogan did i mean really that's the problem and i think there's there's some truth to that but is is that not inherent in the adversary system parties typically hire lawyers they don't represent themselves and sometimes lawyers let them down and that is what the first polis factor is about i mean that's why there's an inquiry that's why it's the first factor as i pointed out in the brief because it's probably the most important because well like i said like i said if if you um we still have the other factors to deal with and and we have to balance we have to balance all six factors right we have to weigh and evaluate all six factors yeah and and i i did that in the brief for the sixth one for example the court did not conduct a meritorious analysis the court basically incorporated by reference um the summary judgment analysis that was stripped of all defenses the whole point of a meritorious analysis is if if the sanction is not imposed or is there merit to the other side's case well she didn't do that what she did is she said well we're gonna strip all of the defenses away and then see whether or not the government um has a prima facie case and then we're going to use that for the meritorious analysis which you know so that one weighs again in favor of the brace defendants and i've seen some cases um where you know if you have one or two factors that favor dismissal or reversal rather that you should do that because the one overriding theme is that the court has a strong preference to get to the merits and that's another thing that the district court didn't do in the opinion is she didn't discuss whether or not that that was even considered and i forget which case it was that was the sole basis that the case was reversed because the court failed to do that and so you know these things because they're very factual obviously we don't have good facts we have a lousy record we have a docket with the docket entries we can see that and we have characterizations of mr cogan's misconduct that's what we have and in close cases whether it's hildebrand or scarborough those kinds of cases typically the court reverses so that the so that the case can be heard on the merits i think this case is more like that than the outrageous conduct that you see in some of the pro se cases and that sort of thing or you know there's a lot of non-pros cases pro se cases i mean you can see that no matter what you do the case is not going to get straightened out on this one it's you know mr cogan after the summary judgment motion was decided was fired so he's not around anymore so now now he has competent counsel whether competent counsel has anything to work with to defend him um you know it depends on you folks but one of the things that um i i think is a little bit different about this case too is it's an enforcement action against somebody this a lot of these cases deal with plaintiffs that bring cases and then don't do anything with it um and so it's you know pretty easy to understand well look if you're not caring if you don't care about your case why should we this is a you know he's he's been enforced against by the government and so if you're weighing um if we have some doubt about things he ought to be given his due process um and and he ought to have some defenses if you look at the i don't know if you folks want to talk about that um it was inexplicable why the judge struck all of the affirmative defenses the first time around and then she did it a second time around and so you know the whole case is about um we have this historic problem brace doesn't want to go down the same road he calls the epa he calls the corps of engineers they come to the site they say you can do this and this but you can't do this and this he follows what they say and then enforce against him right and then the first thing that the court does is say well we're not going to let you raise that as a defense i mean it's it's kind of outrageous when i look at it and then and then when you compound that with mr cogan which i mean he's just ridiculous um it would be nice if he if the brace defendants could actually defend themselves on the merits with competent counsel i think that would happen if if the court were willing to remand the matter all right thank you mr wolford we'll hear you on rebuttal let's hear from ms durkee uh you're on mute ms durkee sorry about that i'm ellen durkee for the united states this court should affirm because the district court striking of defendants second non-compliant opposition to summary judgment was not an abuse of discretion an abuse of discretion is a deferential standard and occurs only where a district court's decision is arbitrary fanciful or clearly unreasonable in short where no reasonable judge would have stricken the defendant's submission under the circumstances of this case i propose to start and focus on defendant's central argument that the district court's consideration and balancing of the poolist factors was an abuse of discretion because the parties are not that far apart on the jurisdiction although we do disagree you agree that the poolist has to apply here no i mean i think that um our argument is that for this the striking of the second summary judgment opposition the the teaching of anchorage associates is that if there is no response to a summary judgment motion that the district court can consider then poolist does not apply and that's essentially the situation that we have here because they didn't file a compliant summary judgment opposition the district court tried very hard and was very patient to get something viable she could consider and they completely defied her instructions in order and so i think that the logical outgrowth of the anchorage associates is that polis does not apply in this case mr i think this case is not exactly anchorage but it's not exactly a classic police case either um even if we don't have to apply police wouldn't it make sense to apply poolist we'd have to tweak factor five because this is a slightly lesser sanction but wouldn't it help to structure district court consideration help to structure our appellate review isn't it just better to make them walk through the steps i think your your friend's argument on the other side had some force which is in a classic default judgment case you just have nothing from the other side to review or to weigh why they didn't or what and here we have a lengthy history so we can apply the poolist factors why why not go that route even if it's not exactly a classic poolist case well i think in this case we're not faced with what the court was faced in anchorage associates which is that the court didn't apply the poolist factors at all and then and therefore there had that was a you know a threshold question i do think that in here the district court said you know i'm not sure if it replies there's reasons to think it might not but i will apply them and it did apply them so i don't think um you think she did it for bootstrapping reasons not because she felt she had to apply pools no i think she was very conscientious and said all right let's assume it applies i don't think it was just bootstrapping i think that she really wanted to address the poorest factors and she made a very compelling case as to why the poorest factors um you know you know that it was appropriate to strike under you know after i i have to you know acknowledge that i you know we're not aware of a case exactly in this situation where it was stricken and then it was uncontested anchorage associates was no filing at all and if that's the difference you know that's fine and but but here i think that there's no reason to remand or to be concerned necessarily about the application of poulos because the court went through the full analysis but the court clearly made some errors under poulos correct uh on factor one the court erred because it did not really make a proper record finding about brace's responsibility did it i disagree that that's an error what the court said was from the record she could not it was ambiguous that means it was ambiguous to the extent that you know for both parties you know well but if it's ambiguous then you then you can't really assume that brace was responsible for the delay right don't you have to have some proof or evidence that brace was responsible for the delay is it enough to have a hunch or a suspicion that he was responsible for the delay i think if you look at poulos itself um in that and you look at um the where case is another example the court has upheld a sanction under poulos under the assumption that there was no reason bear the party bore no responsibility for the misconduct stating in poulos in fact that you know sometimes parties bear you know they're the consequences of their agents their attorneys behavior sure no that all that means is that all that means is even if factor one goes goes the in favor of brace that that doesn't mean the other factors don't outweigh that but i'm trying to go through the factors now and it looks to me like an error was made on factor one factor five alternative sanctions that wasn't done there was there was no sort of progressive discipline here by the district court and then factor six um you you've conceded you know kudos for your candor uh you've conceded that there was error on factor six so it looks like we've got three factors going for brace and three factors for the government obviously dilatoriness opposing council conceded and goes tremendously in favor of the government um i think factor four goes in favor of the government because of the attorney's bad faith and willfulness um so if if we're sort of if we're sort of in equipoise here about the six factors why is not there some merit to mr wolford's point that here we don't have the typical poolless case where we have an intransigent or incompetent plaintiff failing to prosecute the case we've got someone in a defensive posture it really i know this isn't a criminal case but it sort of has the feel of a of a criminal case where defense counsel is is uh engaging in ineffective assistance of counsel there's there's a uh not only was there a bad defense here there was no defense and and the absence of defense the willfulness the dilatoriness the obstreperousness of defense counsel uh went a long way toward turning the court against the defendant um so you know what's is there any good answer to that other than well you know that happens if you hire a bad lawyer and that's the nature of our adversary system i think there were several questions in in that and then so i'd like to again talk about the extent of personal responsibility factor the district boards you know considered this and in cases for example like where were the courts found there was no you know and then pull us where the one where uh sorry in in some of the cases it was assumed they didn't know but it was assumed this course assumed that the the client was not aware of the misconduct and yet upheld the district court's sanction and in this case the district court specifically said that the ambiguity did not have to be resolved because even if uh the client was not aware the other factors outweighed that and you know and i and i do think that the court can also take you know if you look out to other things which is you know there's an inference from as we point out our brief from some of the the various involvements of the braces you know with the case very active litigants have you know they have a website you know the docket is you know when i look at the website the docket sheets up there um and you know the other you know the other factor that's that's sort of being lost in this discussion is that by trying to blame mr cogan and saying he was a solar practitioner this ignores something that's in this case which is that the brace independence had two other counsel who filed some of these stricken documents themselves who were present at the hearings who participated in discovery depositions and they were they had a long you know term relationship with the braces have been attorneys since 2007 and they remain his counsel in district court here so to say that you know it's only mr cogan and he was you know a bad apple and so on those attorneys also had a responsibility to keep them informed and they were also involved and no one's you know no one's you know said that they uh you know is trying to pin the blame on them they're only trying to blame on the on the person that's no longer involved all right but did the district court make a finding on that i don't remember it did well she certainly pointed out that uh in the you know in the in the august 2019 order that he had two other attorneys and she pointed out in numerous other orders along the way um so uh i don't i don't have the page numbers you know at the tip of my fingers here but yes she did i mean you're you're clearly correct about the other lawyers i remember reading that but i'm asking whether the district court tied that up with an evaluation of factor one and made a fine it would have been feasible for the district court to say look uh factor one works against mr brace because not only does he have this incompetent lawyer but he has these other lawyers and i'm going to find as a matter of fact that the other lawyers discharge their professional responsibility to keep him informed of the status of the case she didn't do any of that did she uh not in those exact words no but i i guess the second point i'd like to make about this argument about the court's you know inability to make a you know a finding given you know inferences in the record but without you know total and they get that it was that was still ambiguous the the argument the defendants make in their brief is that the court had a responsibility to initiate and conduct an evidentiary investigation and i am not aware of any poolest case that has required that of a district court and i think that you know you know it seems like that would open up a lot of rabbit holes and objections to a district court calling in you know maybe even warring you know attorneys and their clients and you know just probing into the attorney client's communications and the united states is not in a position to know what those communications were but even saying that the district court has a responsibility to have this sort of sidebar mini trial is not something that i've seen this court require instead what i've seen in police cases is that where it's ambiguous the assumption is that you know there you know is either that is either from the inferences or you know the court is upheld when the when the district court has said other factors would outweigh that anyway and that's what happened here in terms of the alternative the bad faith i just want to like underscore one thing about you know that mr um you know the defendants keep talking about well there was a lot of deleterious a lot of late missed deadlines and so on and so forth not only were those not isolated incidents that's not really the core of the problem this was the core of the problem you know or at least the bigger you know prejudice and bad faith conduct is that the court gave very explicit instructions about how to file that second uh opposition to summary judgment there could be no misunderstanding what the court said the first opposition relied on over 30 exhibits and uh expert opinion that were not disclosed during discovery in this case the court quite properly said that's him you know you can't do that that's not you know that's violates all sorts of rules and you know 37 you have to disclose they made no attempt to show why there is you know an exception here so the court said all right i'll give you a second chance you're going to refile your brief you're going to you know excise any reference or reliance on these you know documents that are not properly relied on and if you rely on any new materials or stricken materials i will strike it so what did they do is the court details you know in multiple ways they filed a very non-compliant second opposition and it completely defied the order because what they did was they resubmitted expert reports that had been expressly um stricken the they added new opinions that had never been disclosed they rewrote uh affidavits and put in the exactly the same non-disclosed opinions of different paragraphs um and so this is not sort of you know these little inadvertent i missed the deadline or you know does that kind of no this was blatant disregard and the court didn't allow them to explain themselves and among the explanation was counsel said i refiled things you stroke because struck and priorities because i think your prior orders were erroneous and we know that's not how courts work and we know that's you know bad faith that's not incompetence that's bad faith and the final thing i'd like to say about that say this the district court made a finding of fact of bad faith and it is a finding of fact and this course had said those kind of findings cannot be those are reviewed under clearly erroneous standard and there's no basis for saying it clearly one on the alternative sanctions the sanction of striking the second summary judgment submission did not come out of nowhere it was after months of defiance of court orders despite the court having given clear instructions orders of clarification um second chances with increasingly stronger admonitions than warnings of strikings then the court struck they struck the dow bearer the two month late dow bearer uh submission they the court um order issued in a show cause order for financial sanctions and asked for responses and within two days after that final response and therefore before the court could you know even turn to those they filed two more uh the the dow bearer motions at issue which were two months late and also while there was a show cause order pending for filing the exact kind of motions late in the first place um given given what we know about the abuse of discretion standard what this court has said that you have to defer to the trial courts you know substantial authority and discretion to manage its courtroom and what the court had seen in this case the idea that financial sanctions here against the Mr. Hogan would have you know made a difference you know is not something that is unreal you know the court said that you know i'm not you know i'm not doing that because that's not unreasonable and this fairly experienced district court judge went to great lengths to try to get a viable response to the summary judgment motion so and gave it a clear statement of what would happen if it didn't but you know there's no reason to expect that financial sanctions would have gotten a compliant summary judgment opposition in fact you know as i understood Mr. Walter to say you know he doesn't think that it would have done it made a difference either with Mr. Hogan to give financial sanctions um so you know i i don't think that the you know the court can be faulted and i guess the other you know the final question is what can we do now i mean with financial sanctions it still doesn't get a compliance summary judgment or opposition so the court had to deal with the situation it had in front of it and it made a reasonable determination having you know told them exactly what they needed to do having them basically say we don't have to follow your orders and then you know it dealt with it in the way that's quite appropriate which is three things in the face of that kind of non-compliance as far as the merits um miss miss turkey you're you're way over time uh judge greenaway do you have any questions for miss turkey no sir no all right um do you want to do you want to wrap up can you sum up i just you know i just would uh again urge the court to um you know stay true to the abusive discretion standard and look at and defer and know that the district court had the seat for 30 months of this kind of non-compliant behavior and bad faith all right thank you very much we'll hear mr wolford's rebuttal you're on mute mr wolford thank you very much i beg your pardon i'm sorry about that i want to start by taking exception to facts being discussed here that are not of record and frankly they're not in the briefs you know one of the things we just heard was that there's a docket sheet posted on the website i have no idea if that's true my guess is that whatever docket sheet may have been posted on there is probably from the 1990 case but i don't know and to suggest now that you know we had real-time docket entries on the website i think is troubling because there's no evidence of that in the record also i'm unaware of mr cogan ever saying to the court or representing to the court that yeah we know that your prior orders are that we're about to violate them but we disagree with them i don't recall seeing anything like that and so these kinds of factual assertions that aren't really part of the record i think should be disregarded with respect to the issue that order in this case is a little different from a standard summary judgment order you know summary judgment order ordinarily you move for summary judgment and then the court rules on it that's not what happened in this summary judgment order there's actually two parts of the order the first part is the sanction and the second part is the summary judgment polis applies here because of the first part it was a sanction i mean it basically struck everything and if you did not apply is because the court had no basis to figure out the district court had no basis to figure out why didn't they reply why didn't they file something so you can't really evaluate the polis factors here we know why the brace defendants didn't reply because it was stricken and and the court was you know figured this out which is why the court did a polis analysis because it was a well we kind of have three factors against three factors and so this is a close call and that sort of thing i i would remind the court that one of the central precepts is that when in doubt this court prefers to hear cases on the merits so if if it's a close call i think it should be remanded for decision on the merits particularly when you've got a government enforcement action and i think the court's correct that this looks a lot like um ineffective assistance of council and it is an enforcement action i mean as we're looking at a four hundred thousand dollar penalty as an example of um you know we're not done here and there's probably going to be a lot more money involved in complying with the order on remedy so i would make that point um not surprisingly the government relies very very heavily on the dilatoriness factor and wants to rely on circumstantial evidence that well somebody must have said something to the brace defendants just because there's other lawyers and you know that sort of thing well as jerky was correct there were a couple of other lawyers right it wasn't all about mr cogan that's correct but once again we don't have any record that they were you know following the case and you know other than his counsel i've been involved with local council matters before where you know i get hired because there's a matter that arises in fury you know western district pennsylvania and the lawyers that are doing the work are out of texas or out of you know massachusetts why would why would we why would we assume that local council would be so remarkably unhelpful as to not tell the client what was happening with all the missed deadlines with mr cogan that that seems very counterintuitive doesn't it it does but i would respond to that you shouldn't assume that nor should you assume that they behave the other way you shouldn't make any assumptions it really comes down to what the record reflects and so you know let's say for example that all right but if we don't make assumptions in factor one is a wash it doesn't help either side i i disagree ron i think it's the court's obligation the district court's obligation to evaluate it and as i said in my she did evaluate and she came to the conclusion it was ambiguous well she in other words there's there's an aspect of equipoise on the first factor that she she didn't find it probative in in her balancing and weighing of the factors right no i i disagree with that she didn't um actually evaluate what she did she relegated it to a and then she applied a stretches credulity presumption that that the court um derived based on well they've been litigating for 30 years so they must know i mean the whole thing doesn't make any sense and it violates the one rule that she had don't you talk about that other case and so she basically just decided that this this one isn't important because i don't know the answer so i'm going to assume things and she did the same thing in a footnote 10 on one of the other factors which i think is totally improper um the other thing the government said is that there's no case law that requires an evidentiary investigation we're not suggesting that the court needed to do an evidentiary investigation however in most of these cases there's usually some sort of conference that occurs where the party's present um like where for example where um what was the party that he decided he wasn't going to show up for depositions well okay so if you're not showing up for depositions then you're aware of the dilatory conduct because you're participating in it we have nothing like that here and and rather than apply a presumption like this if you're really that in the dark about what they knew and when they knew it then have that you know call everybody in for a settlement conference and say you know look across the table and say are you aware that your lawyers were really screwing this up there was nothing like that which and that really gets to the financial sanctions you know pulas itself says we prefer financial sanctions and there are other cases that say that because it does two things number one it punishes the offending party and it also gets to this knowledge of the party thing because in that context when when financial sanctions start to be imposed um then and people have to start telling people things and so it forces the issue are you suggesting that district courts should be financially sanctioning innocent parties who are let down by their council i think that would be preferred to the ultimate sanction yes before you impose the ultimate sanction first i would start with the lawyer if that doesn't work then i would go to the party and if that doesn't work then the ultimate sanction but i wouldn't just jump from you know a to z without applying that first and that the court has stated this in multiple cases that's the preferred approach all right thank you mr walford you want to wrap up your time has expired yeah the last the last thing i'll mention is the dover motions are only dover motions if they're dover motions i mean i looked at them and they look like motions in limiting me so on that issue um i think the record itself is self-evident but um in conclusion i'll just finish up by saying you know this is okay it's a close case there are factors on both sides i think most of the cases like scarborough hillbrand and others where you have a close call the court defaults to go to doing a remand so that the case can be heard on the merits and on this one in particular it is a government enforcement action and you know you have no ability to defend yourself right now because of misconduct of a um and then you know the um knox firm who's representing them in the district court proceeding will will take over and i'm sure that they would do a much better job and and i totally agree with the government that what was filed by mr cogan is unacceptable and i and i share the court's frustration unacceptable that won't happen again but um to to have judgment entered against the brace defendants on an enforcement action like this um because of the clear misconduct of their lead counsel i think is a little unfair thank you all right thank you uh thank you both counsel we appreciate the helpful argument and we'll take the matter under advisement